UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No.:

---------------------------------------------------------------------X

MATTIE LOSEY

Plaintiff,

**COMPLAINT**

-against-

Plaintiff Demands a Trial By Jury

FIVE POINTS, L.L.C., individually and d/b/a FIVE GUYS BURGER AND FRIES,

FIVE POINTS PARTNERS, LLC, individually and d/b/a FIVE GUYS BURGER AND FRIES,

AMIR GAMELELDIN, individually, ALI SHIRAZZI, individually, ANDREW STERN, individually, and JONATHAN REGA, individually,

Defendants.

---------------------------------------------------------------------X

Plaintiff, MATTIE LOSEY, by her attorneys, the Arcé Law Group, P.C., upon information and belief, complains of defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), 42 U.S.C. Section 1981, and to remedy violations of the laws of the State of New York and the Administrative Code of the City of New York based upon the supplemental jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by her former employer on the basis of her race, together with retaliation and unlawful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.
3. This action involves a Question of Federal Law.
4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. §1391(b).
5. On or about November 2, 2011, Plaintiff filed a charge with the Equal Employment Opportunities Commission ("EEOC.")
6. On or about February 10, 2012, Plaintiff received a Notice of Right to Sue letter from the EEOC.
7. This action is being brought within 90 days of said Notice of Right to Sue letter.

## PARTIES

8. Plaintiff is an African American female resident of the State of New York, County of Bronx.
9. At all times material, Defendant FIVE POINTS, L.L.C., individually and d/b/a FIVE GUYS BURGER AND FRIES was and is a Domestic Limited Liability Company duly incorporated under the laws of the State of New York.
10. At all times material, Defendant FIVE POINTS PARTNERS, LLC, individually and d/b/a FIVE GUYS BURGER AND FRIES was and is a Domestic Limited Liability Company duly incorporated under the laws of the State of New York.

11. Defendant FIVE POINTS, L.L.C., individually and d/b/a FIVE GUYS BURGER AND FRIES, and Defendant FIVE POINTS PARTNERS, LLC, individually and d/b/a FIVE GUYS BURGER AND FRIES are also herein in collectively referred to as "FIVE GUYS BURGERS AND FRIES."

12. At all times material, Defendant AMIR GAMELELDIN (herein also referred to as "AMIR") was and is a resident of the State of New York.

13. At all times material, Defendant ALI SHIRAZZI (herein also referred to as "ALI") was and is a resident of the State of New York

14. At all times material, Defendant AMIR and Defendant ALI were employees of Defendant FIVE GUYS BURGERS AND FRIES.

15. At all times material, Defendant ANDREW STERN was and is an owner of Defendant FIVE GUYS BURGERS AND FRIES.

16. At all times material, Defendant JONATHAN REGA was and is an owner of Defendant FIVE GUYS BURGERS AND FRIES

17. Defendant FIVE GUYS BURGERS AND FRIES, Defendant AMIR, Defendant ALI, Defendant ANDREW STERN, and Defendant JONATHAN REGA are also herein collectively referred to as "Defendants."

18. At all times material, Plaintiff was an employee for Defendants.

19. At all times material, Defendant AMIR was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

20. At all times material, Defendant ALI was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

## MATERIAL FACTS

21. On or about May 10, 2010, Plaintiff began working for Defendants as a "Crew Member."

22. Throughout Plaintiff's employment, up until she was unlawfully terminated on or about July 10, 2011, Plaintiff's performance was above average.

23. On or about June 16, 2011, Defendant AMIR told Plaintiff, "Mattie, I need you to go to the back of the house and do what you normally do." Plaintiff replied, "Alright" and began walking to the back of the kitchen to begin her cleaning shift. Defendant AMIR then told Plaintiff, "**Mattie, you know you my little black slave**." Plaintiff stated, "AMIR, you know you're wrong" and continued working her shift although she was humiliated, degraded, and extremely upset.

24. On or about June 17, 2011, Plaintiff complained to her supervisor, Lee Laurie, about Defendant AMIR's unlawful conduct, specifically telling Mr. Laurie that Defendant AMIR, a called her his "**Little Black Slave**."

25. Lee Laurie told Plaintiff that he would speak with Defendant AMIR and Defendant ALI. However, Lee Laurie and Defendant ALI failed to remedy, or even address, the harassment.

26. From June 17, 2011 until July 8, 2011 Plaintiff attempted to speak to Defendant ALI directly regarding Defendant AMIR's unlawful behavior, but Defendant ALI repeatedly avoided talking with Plaintiff.

27. On or about July 8, 2011, Plaintiff finally spoke with Defendant ALI and **requested that she be transferred to another location**. Plaintiff specifically told Defendant ALI that she could no longer work with Defendant AMIR because of his racially hostile comment, and that Defendant AMIR had made other racial comments in the past.

28. Defendant ALI told Plaintiff, "**NO. I'm not transferring you**. I'll switch your shift to the morning shift." Plaintiff responded that changing her shift would not solve the problem because her and Defendant AMIR's shifts would still overlap and "they will still have to work together." Plaintiff again told Defendant ALI, "**I need to be transferred to another store**." However, Defendant ALI again refused Plaintiff's request.
29. Two (2) days later, on or about July 10, 2011, while working with Defendant AMIR, Defendant AMIR told Plaintiff, "**I guess you don't want to work with me. But I don't care**." Defendant AMIR then told Plaintiff to "**clock-out and go home**."
30. As per Defendant AMIR's demand, Plaintiff clocked-out of her shift and went home.
31. On or about July 11, 2011, Defendants terminated Plaintiff under the pretext that Plaintiff had "walked off the job."
32. Defendants' reason for terminating Plaintiff is pretext to cover their discriminatory animus towards Plaintiff because of her race, and for having complained of Defendant AMIR's unlawful activity.
33. On or about July 11, 2011, Defendants terminated Plaintiff because of her race.
34. On or about July 11, 2011, Defendants terminated Plaintiff because she opposed Defendants' unlawful actions.
35. On or about July 11, 2011, Defendants terminated Plaintiff in order to interfere with her ability to exercise her rights.
36. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.
37. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of all lower Courts.

40. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

41. Defendant ANDREW STERN and Defendant JONATHAN REGA are personally liable for Defendants' unlawful actions under New York State law as owners of the corporate defendants.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**DISCRIMINATION**

42. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

43. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived race . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

44. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her race.

**AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**RETALIATION**

45. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

46. New York City Administrative Code Title 8-107(7) provides that:

> "It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

47. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against the Plaintiff, including, but not limited to, terminating Plaintiff's employment.

**AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**INTERFERENCE WITH PROTECTED RIGHTS**

48. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere

with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

50. Defendants violated the section cited herein as set forth.

**AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**SUPERVISOR LIABILTY**

51. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    (a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    (b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        (a) (1) the employee or agent exercised managerial or supervisory responsibility; or

        (b) (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was

known by another employee or agent who exercised managerial or supervisory responsibility; or

(c) (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

53. Defendants violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF ACTION UNDER STATE LAW DISCRIMINATION

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.
55. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's race . . ., to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."
56. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her race.
57. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

**AS A SIXTH CAUSE OF ACTION**
**UNDER STATE LAW**
**RETALIATION**

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

60. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**AS A SEVENTH CAUSE OF ACTION**
**UNDER STATE LAW**
**AIDING & ABETTING**

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

63. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**AS AN EIGHTH CAUSE OF ACTION**
**UNDER TITLE VII**
**DISCRIMINATION**

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

66. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by terminating and otherwise discriminating against Plaintiff because of her gender, together with sexual harassment.

**AS A NINTH CAUSE OF ACTION**
**UNDER TITLE VII**
**RETALIATION**

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

69. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

**AS A TENTH CAUSE OF ACTION**
**UNDER FEDERAL LAW**
**42 U.S.C. Section 1981**

70. Plaintiffs repeat and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

71. 42 USC Section 1981 states in relevant part as follows:

> (a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

72. Plaintiff, a member of the Black and/or African-American race, were discriminated against because of their race as provided under 42 USC Section 1981 and have suffered damages as set forth herein.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by Title VII, 42 U.S.C. Section 1981, The New York City Administrative Code Title 8, §8-107 et. Seq., the New York Executive Law, and New York Common Law; and that the Defendants harassed

and discriminated against Plaintiff on the basis of her race, together with retaliation and unlawful termination;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation.

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues to be tried.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
February 28, 2012

Arcé Law Group, P.C.
Attorneys for Plaintiff

By: _____/s/_______________
Bryan S. Arce, Esq.
30 Broad Street, 35th Floor
New York, New York 10004
(212) 248 - 0120